FILED
SUPERIOR COURT
OF GUAM

2022 JUN 13 AM 10: 03

CLERK OF COURT

BY:_____ 𝕄

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>                                Plaintiff,<br><br>vs.<br><br>CHRIS JUNIOR ANDERSON TEDTAOTAO,<br>*aka* Chris Jr. Anderson Tedtaotao; *aka* Chris J.R. Anderson Tedtaotao<br><br>                              Defendant. | Case No. CF0131-22<br><br>**DECISION AND ORDER**<br>**(Finding Defendant Competent to Stand Trial)** |

## INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on June 6, 2022, for a Competency Hearing. Attorney Samuel Teker appeared for Chris Junior Anderson Tedtaotao ("Defendant"). Assistant Attorney General Katherine Nepton appeared for the People of Guam ("People"). Having considered the Defendant's Forensic Evaluation, the parties' oral arguments, and the applicable law, the Court now issues the following Decision and Order and **finds Defendant competent to stand trial.**

## BACKGROUND

On March 11, 2022, the Grand Jury indicted Defendant on the following charges: (1) Possession of a Schedule II Controlled Substance (As a Third Degree Felony); (2) Possession of a Firearm Without a Firearm Identification Card (As a Third Degree Felony); and (3)

Resisting Arrest (As a Misdemeanor). Indictment, Mar. 11, 2022. Police records indicate Defendant attempted to flee during a traffic stop. Mag. Complaint, Mar. 4, 2022. On March 23, 2022, Defendant pled Not Guilty by Reason of Mental Illness, Disease, or Defect. Minute Entry, Mar. 23, 2022. Pursuant to 9 GCA § 7.25, the Client Services and Family Counseling Division of the Superior Court of Guam ("CSFC") arranged for Defendant to undergo a forensic evaluation with a qualified psychologist. Order for Forensic Evaluation, Mar. 24, 2022. On April 14, 2022, Defendant underwent his forensic evaluation with Dr. Juan Rapadas, an expert clinical psychologist at CSFC. Forensic Evaluation at 2, Apr. 19, 2022. The Court held a hearing on June 6, 2022, to determine Defendant's competency to stand trial. After hearing the arguments of the parties, the Court found Defendant competent to stand trial.

## DISCUSSION

"A defendant is incompetent to be proceeded against in a criminal action if, as a result of mental illness . . . he is unable (1) to understand the nature of the proceedings, (2) to assist and cooperate with counsel, (3) to follow the evidence, or (4) to participate in his defense." 9 GCA § 7.37(a)(1)–(4).

Dr. Rapadas stated in his forensic evaluation "[t]aken all past and current data in total, Mr. Tedtaotao is currently competent to be proceeded against and to be sentenced based on his past IQ testing results, the clinical interview, observations of Mr. Tedtaotao, history, and current mental status which could be characterized as generally stable." Forensic Evaluation at 7. Dr. Rapadas also stated "[s]o, in my opinion, Mr. Tedtaotao did not lack substantial capacity to know or understand what he was doing, to know or understand that his conduct was wrongful or to control his actions especially, as it pertains to his current criminal charges." *Id.* at 7. Defendant agrees with Dr. Rapadas's statement and does not contest his findings. Digital

Recording at 4:05:09 (Mot. H'rg. Jun. 6, 2022). Accordingly, the Court finds Defendant competent to stand trial.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

For the above reasons, the Court makes the following findings of fact and conclusions of law:

- Defendant does possess the mental competency "(1) to understand the nature of the proceedings, (2) to assist and cooperate with counsel, (3) to follow the evidence, or (4) to participate in his defense." 9 GCA § 7.37(a)(1)–(4).
- Defendant is currently competent to stand trial.
- Defendant can make any diminished capacity defense he may have at trial.

SO ORDERED, this \_\_\_13\_\_\_ day of \_\_\_Jun?\_\_\_ 2022.

_____
HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam